UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

ROBERT CORDUA, et al.,

         Plaintiffs,

     vs.

BANK OF AMERICA, N.A.,

        Defendant.

Case No. 1:24-CV-00165-SAB

ORDER ENTERING STIPULATED PROTECTIVE ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION

(ECF No. 25)

This matter comes before the Court by stipulation of plaintiffs ROBERT and TERESA CORDUA ("Plaintiffs"), and defendant BANK OF AMERICA, N.A. ("Defendant"), for the entry of a protective order limiting the review, copying, dissemination and filing of confidential and/or proprietary documents and information to be produced by either Plaintiffs or Defendant (each a "Party" and collectively "Parties") and their respective counsel or by any non-party in the course of discovery in this matter to the extent set forth below (the "Stipulation and Order"); and the parties, by, between and among their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown;

**IT IS HEREBY ORDERED THAT**:

1

1.      **Purpose.**  A Receiving Party may use Protected Material, as defined below, that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation *ROBERT AND TERESA CORDUA  VS. BANK OF AMERICA, N.A.*  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order.

2.      **Definitions.**  As used herein:

(a)     "Confidential Information" shall mean all Discovery Material, and all information contained therein, and other information designated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL," to the extent that the Party or non-party designating the Discovery Material as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL," in good faith reasonably believes that such Discovery Material contains non-public information, confidential information, trade secrets, proprietary business information, competitively or commercially sensitive information, nonpublic personal information within the meaning of the  Gramm-Leach-Bliley Act (15 U.S.C. § 6801) or similar applicable federal, state or local privacy protective laws and/or "consumer reports" within the meaning of the Fair Credit Reporting Act (15 U.S.C. § 168la) (collectively, the "Acts"), or other information, the disclosure of which would, in the good faith judgment of the Producing Party (defined below) be detrimental to the conduct of that Party's business or the business of any of the Party's customers or clients, as well as any information copied or extracted therefrom, plus testimony, conversations, or presentations by Parties or counsel to or in court or in other settings that might reveal Confidential Information.

(b)     "Producing Party" shall mean the Party or non-party producing Confidential Information in connection with this Litigation, including in depositions, document productions or otherwise, or the Party or non-party asserting the confidentiality of such material.

(c)     "Receiving Party" shall mean the Party or non-party receiving Confidential Information in connection with this Litigation, including in depositions, document productions or otherwise.

(d)     "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL" or 'HIGHLY CONFIDENTIAL," as provided for in this Order, as well as any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by the Parties or their counsel in Court or in any other setting that might reveal such information.  Protected Material shall not include materials that show on their face they have been disseminated to the public by the designating party.

3.     **Scope.**

(a)     Discovery Material shall be used solely for the purposes of this Litigation, including its prosecution, defense, resolution or settlement, and shall not be used for any purpose whatsoever outside the context of this Litigation. Nothing in this Stipulation and Order relieves the Parties from any obligation in existence prior to the entry of this Stipulation and Order to maintain the confidentiality of documents, information, and communications previously provided or to be provided to the Parties in connection with this Litigation.

(b)     This Stipulation and Order has no affect upon, and shall not apply to, the Parties' use of their own Confidential Information for any purpose. Nothing herein shall impose any restriction on the use or disclosure by a Party of documents, materials or information designated as Confidential Information that has been obtained lawfully by such party independently of the proceedings in this Litigation.

4.     **Non-Disclosure.**  This Stipulation and Order is applicable to the Parties and any non-parties who use the provisions of the Stipulation and Order by designating Discovery Material as

"CONFIDENTIAL," or "HIGHLY CONFIDENTIAL," and the representatives, experts and employees of the Parties or non-parties. This Stipulation and Order shall not be used, in any manner or form, direct or indirect, as evidence in any trial or any hearing, or referred to in any trial or any hearing, save and except a hearing that involves issues related to the enforcement or interpretation of any provision of this Stipulation and Order.

5.      **Designation of Confidential Information.**

(a)      Any Producing Party may designate Discovery Material as "confidential," by affixing the notation "CONFIDENTIAL" on the document, making a statement on the record of a deposition as to the portions of the deposition to be designated as confidential, providing written communication to the respective undersigned counsel for the parties hereto, or by other appropriate means. Any Producing Party may, in the alternative, designate Discovery Material as "highly confidential" by affixing the notation "HIGHLY CONFIDENTIAL" on the document, making a statement on the record of a deposition as to the portions of the deposition to be designated highly confidential, providing written communication to the respective undersigned counsel for the parties hereto, or by other appropriate means. Any summary, compilation or copy of Discovery Material that has been designated as Confidential Information shall be treated the same as the underlying document or thing as provided by this Stipulation and Order. The designation shall, wherever practicable, be made before or at the time of production or disclosure, except in the case of depositions, which shall be designated as set forth in subsection (b) of this paragraph.

(b)      All depositions and transcripts of any testimony given at a deposition shall presumptively be treated as Confidential Information and subject to this Stipulation and Order during the deposition and for a period of thirty (30) days after a transcript of said deposition is received by counsel for each of the Parties. Either during the deposition itself or before the end of such thirty (30) day period, the deposition, or pages thereof, may be designated as Confidential

Information by any Party. If any deposition or pretrial testimony is designated as Confidential Information, the Producing Party shall direct the court reporter to affix an appropriate confidentiality legend to the deposition transcript's first page and all portions of the transcript containing Confidential Information. Any Party may challenge the designation by following the procedure set forth in Paragraph 8 below.

6.      **Designation of Highly Confidential Information.**   A Producing Party may also designate Discovery Material as "Highly Confidential Information."  This designation shall signify that (i) at the time of the designation the Discovery Material contains or constitutes trade secrets or confidential business or financial information, (ii) there is a substantial and imminent risk that absent such designation, its receipt by the Receiving Party could cause competitive and/or economic harm to the Producing Party, and (iii) such Discovery Material would not otherwise be adequately protected under the procedures set forth herein for "Confidential Information."  The provisions of this Stipulation and Order, including all usage, dissemination, and disclosure limitations, shall be applicable to "Highly Confidential Information" in the same manner as "Confidential Information," except that notwithstanding any other provision of this Stipulation and Order, no disclosure of Highly Confidential Information may be made to any persons other than (1) a Party's in-house and external counsel and the paralegals and support personnel working for such counsel, (2) experts retained by a Party or a Party's external counsel, and (2) the Court and Court personnel, if filed in accordance with paragraph 13 hereof.  Disclosure to in-house counsel shall be limited to in-house counsel providing legal advice in connection with this Litigation, and Highly Confidential Information may not be disclosed to any other officers, directors, employees, or agents of a Party, including other in-house counsel.  Nothing in this paragraph shall preclude counsel from giving advice to his or her client in this Litigation that includes a general evaluation of Highly Confidential

Information, provided that counsel shall not disclose the contents of any Highly Confidential Information contrary to the terms of this Stipulation and Order.

7.      **Procedure for Handling Legal Demands for Confidential Information.**

(a)      If a Receiving Party is served with a subpoena, document demand or other request under applicable federal or state law (collectively, a "Demand"), and the Discovery Material sought by the Demand was produced or designated as Confidential Information by someone other than the Receiving Party, the Receiving Party shall give written notice by electronic transmission, within five (5) business days of receipt of such Demand, to the Producing Party who produced or designated the material as Confidential Information.

(b)      The Receiving Party shall not produce any of the Producing Party's Confidential Information, unless otherwise Court-ordered or required by law, for a period of at least ten (10) business days after providing the required notice to the Producing Party.

(c)      If, within ten (10) business days of receiving such notice, the Producing Party gives notice to the Receiving Party subject to the Demand that the Producing Party opposes production of its Confidential Information, the Receiving Party shall object to the Demand, citing this Stipulation and Order, and shall not thereafter produce such Confidential Information, except as Court-ordered or required by law. The Producing Party shall be responsible for pursuing any objection to the requested production, including moving to quash the Demand and/or seeking an additional protective order.  The Receiving Party agrees to cooperate with the Producing Party in resisting the Demand.

(d)      Nothing herein shall be construed as requiring the Receiving Party or anyone else covered by this Stipulation and Order to challenge or appeal any order requiring production of Confidential Information covered by this Stipulation and Order, or to subject the Receiving Party to

any penalties for non-compliance with any legal process or order for failure to comply with a Demand, or to seek any relief from this Court in connection with obligations imposed by a Demand.

(e)     In the event that Confidential Information is produced to an entity that is not bound by this Stipulation and Order in response to a Demand, the Parties to this Stipulation and Order shall continue to treat such Discovery Material in accordance with the designation as Confidential Information.

8.     **Challenges to the "CONFIDENTIAL" Designation.**

a.     **Meet and Confer**. A Party that elects to initiate a challenge to a Producing Party's "CONFIDENTIAL" designation must do so in good-faith and must begin the process by conferring directly with counsel for the Producing Party pursuant to the Federal Rules of Civil Procedure and any other applicable local or court rules. Within seven (7) days of receiving notice of a challenge of the designation, the producing Party must either remove the designation or provide a response explaining its good faith basis for the designation.  A challenging Party may proceed to the next stage of the challenge process only if the challenging party has engaged in this meet and confer process first.

b.     **Judicial Intervention.** A Party that elects to press a challenge to a "CONFIDENTIAL" designation after considering the justification offered by the Producing Party may file and serve a motion pursuant to the Federal Rules of Civil Procedure and any other applicable local or court rules, as well as the procedures governing the filing of Confidential Information with the Court (set forth below) that generally identifies the challenged material and sets forth in detail the basis for the challenge. The Producing Party has the burden of establishing the designation is needed.

9.     **Subpoenas and Legal Demands for Confidential Information to Non-Parties.** All documents called for in a Demand that is served by a Party to a non-party, and all documents

that are otherwise produced by a non-party without any Demand, shall be presumed designated as "CONFIDENTIAL" pursuant to this Stipulation and Order and treated as such, unless otherwise agreed by the Parties or ordered by the Court. The presumption and any designation by a non-party pursuant to this paragraph expires thirty (30) days after all Parties have received the third-party production unless, within that time, a Party designates the documents pursuant to this Stipulation and Order.

10.     **Failure to Designate Discovery Materials as Confidential Information.** The unintentional failure by a Producing Party to designate Discovery Material with the correct "CONFIDENTIAL" designation shall not waive any such designation.  If the Producing Party notifies all Receiving Parties of an unintentional failure to designate materials as "CONFIDENTIAL," the Producing Party shall reproduce the Discovery Material with the correct "CONFIDENTIAL" designation within ten (10) business days of the Producing Party's notification to the Receiving Party.  Upon receiving the Discovery Material with the correct "CONFIDENTIAL" designation, the Receiving Parties shall destroy all Discovery Material that was identified as incorrectly designated.  A Receiving Party shall not be in breach of this Stipulation and Order for any use of such unintentionally non-designated or inadvertently mis-designated Discovery Material before the Receiving Party receives notice of the inadvertent failure to designate.  Once a Receiving Party has received notice of the unintentional failure to designate pursuant to this provision, the Receiving Party shall treat such Discovery Material at the appropriately designated level pursuant to the terms of this Stipulation and Order.

11.     **Use or Disclosure of Confidential Information.** Except with the prior written consent of the Producing Party, or by Order of the Court, no person or entity may use, disclose or permit the use or disclosure of and Discovery Material designated "CONFIDENTIAL" to any person or entity other than the following:

a.      The Court and Court personnel, including a Jury or any Jurors in this Litigation;

b.      Counsel to the Parties in this action, in-house attorneys of the Parties, and all outside attorneys retained by the Parties to consult on this Litigation, and their respective partners, associates, clerks, legal assistants, stenographic and support personnel, and vendors retained by such attorneys to provide litigation support services in this litigation, who are directly assisting such counsel in the conduct of this Litigation, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

c.      Personnel of Plaintiffs or Defendant actually engaged in assisting counsel in the conduct of this Litigation and who have been advised of their obligations hereunder;

d.      Former personnel of Plaintiffs or Defendant actually engaged in assisting counsel in the conduct of this Litigation, and the counsel for said former personnel, provided that before any Confidential Information is disclosed, the disclosing Party shall request that former personnel and their counsel, if applicable, execute a written agreement, in the form attached as Exhibit A hereto (the "Confidentiality Undertaking"), to comply with and be bound by the Stipulation and Order's terms. If the former personnel or their counsel refuse to execute the Confidentiality Undertaking, then they shall not be furnished with Confidential Information;

e.      Any person indicated on the face of a document to be the author, addressee, or a copy recipient of the document, or as to whom there has been deposition or trial testimony that the person was the author or a recipient of the document, provided that the only Confidential Information that may be furnished, shown, or disclosed to said person shall be the documents for which there is evidence that said person was the author or a recipient;

f.      Deposition and trial witnesses, and attorneys for witnesses, in this action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any Protected

Material unless they sign a copy of Exhibit A, unless otherwise agreed by the Producing Party or ordered by the court.

g.      Experts (and their necessary support personnel) retained by, or at the direction of, counsel for a Party for the purpose of advising and assisting such counsel in the trial, settlement, or resolution of this Litigation; provided, however, that such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A.

h.      Court reporters and supporting stenographic, videographic, and clerical personnel taking testimony in connection with this Litigation;

i.      A vendor hired by a party to collect documents, host data, maintain a database of electronic data or perform other work related to the collection, review or production of documents in the case, if the vendor's employees having access to the data or documents sign the certificate attached as Exhibit A.

j.      Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

k.      Any other person agreed to by the parties.

12.      **Disclosures of Confidential Information to Experts.**  Before any disclosure of Confidential Information is made to an expert witness or consultant pursuant to paragraph 11(g) hereof, counsel for the Receiving Party shall obtain a Confidentiality Undertaking signed by the expert or consultant, in the form of Exhibit A attached hereto.  Counsel for the Receiving Party obtaining the Confidentiality Undertaking shall supply a copy to counsel for the other Party at the time of the disclosure, except that any Confidentiality Undertaking signed by an expert or consultant who the Receiving Party, in good faith, reasonably does not expect to call as a witness at trial does not need to be disclosed.

13. **Filing of Confidential Information with the Court.**

a. As applied to documents, materials or other papers filed with the Court that have been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the parties to seal such documents (or any portion thereof), by following the protocols for electronic filings in this District and the Court's Standing Order. (Dkt. 5, § 5.)  If a Party believes that material has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and cannot or should not be sealed, pursuant to the protocols and rules in this District, then the Party wishing to file the materials shall particularly identify the documents or information that it wishes to file to the Producing Party, in writing.  The Parties will then meet and confer, in a good faith effort to resolve the dispute. Failing agreement, the Party wishing to file the materials must request a ruling from the Court on whether the Discovery Material in question must be submitted under seal.  The Producing Party shall have the burden of justifying that the materials must be submitted under seal.  Absent written permission from the Producing Party or a court Order denying a motion to seal, a Receiving Party may not file in the public record any Protected Material.

b. The use of Protected Material during the pre-trial hearing shall be determined by agreement of the parties or by Order of the Court.

14. **Unintentional Production of Privileged Documents.**

a. A Producing Party's disclosure of information or documents that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the Bank Examiner Privilege or any other privilege, immunity, or prohibition on disclosure ("Privileged Documents"), shall not constitute a waiver with respect to such Privileged Documents or generally of such privilege, immunity or prohibition, provided that the Producing Party notifies the Receiving Party, in writing, of the production after its discovery of the same.  The Producing Party must specifically and individually identify the Privileged Documents which it unintentionally produced to the Receiving Party.  Upon written notification of the production of privileged materials (hereafter referred to as "Identified Materials") by the Producing Party, the Receiving Party shall return,

destroy, or delete the Identified Materials as requested by the Producing Party.  If the Receiving Party has any notes or other work product reflecting the contents of the Identified Materials, the Receiving Party will not review or use those materials unless a court later designates the Identified Materials as not privileged or protected.

        (i)      The Identified Materials shall be deleted from any systems used to house the documents, including document review databases, e-rooms and any other location that stores the documents.

        (ii)     The contents of the Identified Materials shall not be disclosed to anyone who was not already aware of the contents of them before the notice was made.

        (iii)    The Receiving Party may make no use of the Identified Materials during any aspect of this matter or any other matter, including in depositions or at trial, unless the documents are later designated by a court as not privileged or protected.

        (iv)    The Party returning the Identified Materials may move the Court for an order compelling production of some or all of the material returned or destroyed, but the basis for such a motion may not be the fact or circumstances of the production.

        (v)     If any receiving party is in receipt of a document from a producing party which the receiving party has reason to believe is privileged, the receiving party shall in good faith take reasonable steps to promptly notify the producing party of the production of that document so that the producing party may make a determination of whether it wishes to have the documents returned or destroyed pursuant to this Stipulated Protective Order.

c.     This Stipulation and Order does not constitute a concession by any party that any documents are subject to protection by the attorney-client privilege, the work product doctrine or any other potentially applicable privilege or prohibition on production. This agreement also is not intended to waive or limit in any way either party's right to contest any privilege claims that may

be asserted with respect to any of the documents produced except to the extent stated in the Stipulation and Order.

15. **Remedies for Breach.** The Parties agree that they would not have an adequate remedy at law in the event that a court of competent jurisdiction determines that there is an actual or threatened breach of this Stipulation and Order by any Party and agree that under such circumstances the Parties will be entitled to specific performance and/or injunctive relief to enforce the terms hereof, in addition to any remedy to which they may be entitled at law or in equity.

16. **Jurisdiction and Venue**.  The United States District Court for the Eastern District of California is responsible for the interpretation and enforcement of this Stipulation and Order and all disputes concerning any documents, however designated, produced under the protection of this Stipulation and Order.

17. **Shipping Protected Material.**  When any Receiving Party ships any Discovery Material to others designated in this Order as authorized to receive Discovery Material, the Receiving Party will encrypt any electronic data (if the Discovery Material is in that format) and supply the password in separate correspondence to the recipient.  If the Discovery Material is in hard copy/paper form, the Receiving Party will ship the Discovery Material using secure packaging tape via Federal Express or UPS and retain a tracking number for the materials.  If the Receiving party learns at any time that Discovery Material may have been retrieved or viewed by unauthorized parties during shipment, it will immediately notify the Producing Party and take all reasonable measures to retrieve the improperly disclosed Discovery Material.

18. **Joinder of Additional Parties.**  In the event that additional parties join or are joined in this Litigation, they shall not have access to Confidential Information until the newly joined party, by its counsel, has executed and filed with the Court the newly joined Party's agreement to be fully bound by this Stipulation and order.

19.     **Effective Date of Stipulation.**  The parties agree to be bound by the terms of this Stipulation and Order pending the entry by the Court of this Stipulation and Order, and any violation of its terms shall be subject to the same penalties and sanctions, as if this Stipulation and Order had been entered by the Court. Upon signing, the parties are bound by the terms of this agreement, unless the agreement is modified or rejected by the Court. The Parties agree to be bound by the Court's modification, if any.

20.     **Modifications, Waivers and/or Amendments to this Stipulation and Order.** This Stipulation and Order may be changed by further order of this Court and is without prejudice to the right of a Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.  All modifications of, waivers of, and amendments to this Stipulation and Order must be in writing and signed by, or on behalf of, the Parties.

21.     **Conclusion of Litigation.**

a.     This stipulation and Order shall continue to be binding after the conclusion of this litigation, except that (a) there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) that a Party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of the Stipulation and Order.

b.     Within sixty (60) days after the final termination of this Litigation by settlement or exhaustion of all appeals, all Confidential Information produced or designated and all reproductions thereof, shall be returned to the Producing Party or shall be destroyed, at the option of the Receiving Party, including copies of electronic documents maintained in databases or other electronic locations.  In the event the physical objects and documents are to be destroyed, upon request by the Producing Party, the Receiving Party shall certify in writing that it has undertaken its best efforts to

1 destroy such physical objects and documents, and that such physical objects and documents have

2 been destroyed to the best of its knowledge.

3      c.      Notwithstanding anything to the contrary, counsel of record for the Parties may retain

4 copies of documents constituting work-product, copies of pleadings, motion papers, discovery

5 responses, deposition transcripts and deposition and trial exhibits. To the extent that persons retain

6 documents containing Confidential Information upon the final termination of this Litigation, said

7 persons shall certify in writing within sixty (60) days of the final termination of this Litigation that

8 they will maintain the confidentiality of this Confidential Information in accordance with the terms

9 of this Stipulation and Order.  Nothing in this paragraph shall be construed to require a Receiving

10 Party to destroy Confidential Information retained on back-up tapes or to require the Receiving

11 Party to take unreasonably expensive or burdensome measures to effectuate the destruction of

12 Confidential Information.

13      **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

14 / / /

15 / / /

16 / / /

17 / / /

18 / / /

19 / / /

20 / / /

21 / / /

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

**<u>EXHIBIT A</u>**

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on _____ [date] in the case of *Robert and Teresa Cordua v. Bank of America, N.A.*, Case No. 1:24-cv-00165-SAB. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

**<u>COURT ORDER ENTERING STIPULATED PROTECTIVE ORDER</u>**

Pursuant to the stipulation of the parties, IT IS HEREBY ORDERED that:

1.   The above stipulated protective order is entered;

2.   The parties are advised that pursuant to the Local Rules of the United States District Court, Eastern District of California, any documents which are to be filed under seal will require a written request which complies with Local Rule 141;

3.   The party making a request to file documents under seal shall be required to show either good cause or compelling reasons to seal the documents, depending on the type of filing, <u>Pintos v. Pacific Creditors Ass'n</u>, 605 F.3d 665, 677-78 (9th Cir. 2009); <u>Ctr. for Auto Safety v. Chrysler Grp., LLC</u>, 809 F.3d 1092, 1101 (9th Cir. 2016); and

4.   If a party's request to file Protected Material under seal is denied by the Court, then the previously filed material shall be immediately accepted by the court and become information in the public record and the information will be deemed filed as of the date that the request to file the Protected Information under seal was made.

IT IS SO ORDERED.

Dated:   **September 23, 2024**

UNITED STATES MAGISTRATE JUDGE